Filed 6/9/22  P. v. Mendoza CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>ELMER MORENO MENDOZA,<br><br>     Defendant and Appellant. | B315038<br><br>(Los Angeles County<br>Super. Ct. No. LA023805) |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge.  Affirmed.

Julie Caleca, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

Elmer Moreno Mendoza appeals from an order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1]  His appellate counsel filed a brief asking this court to proceed under *People v. Wende* (1979) 25 Cal.3d 436.  We affirm.

On December 9, 1996, following a jury trial, Mendoza was convicted of one count of first degree murder (§ 187, subd. (a)) with a true finding on the allegation that he personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)).  He was sentenced to a term of 25 years to life, plus 10 years.  A different panel of this division affirmed the judgment of conviction in *People v. Mendoza* (June 24, 1998, B108845) [nonpub. opn.].

On February 22, 2021, acting in propria persona, Mendoza filed a petition for resentencing pursuant to section 1170.95.  In his handwritten petition, Mendoza alleged that he was charged with, and convicted of, first degree murder under the natural and probable consequences doctrine.  He also alleged, however, that he "shot and killed the victim" in an act of self-defense because the victim had attempted to sexually assault him.  As described by Mendoza in his petition, "[w]hile Petitioner in fact did kill the victim, it was the victim who was committing a felony, namely, he wanted to rape Petitioner, while Petitioner slept."

On July 16, 2021, the People filed a response to Mendoza's petition.  The People argued that Mendoza was not eligible for relief under section 1170.95 because he was convicted of first degree murder as the actual killer, and the jury was not instructed on either a felony murder or natural and probable consequences theory of liability.  In support of their response, the

_____

[1] All statutory references are to the Penal Code.

People attached this court's prior opinion affirming Mendoza's judgment of conviction and the jury instructions from Mendoza's trial. The jury instructions did not include any instructions on the felony-murder rule or the natural and probable consequences doctrine.

On August 23, 2021, following the appointment of counsel, Mendoza filed a reply in support of his petition. Mendoza asserted that he had made a prima facie showing that he was entitled to relief under section 1170.95, and asked that the superior court conduct an evidentiary hearing.

On August 24, 2021, the superior court held a prima facie hearing on Mendoza's petition. Mendoza was represented by counsel at the hearing. Following the argument of counsel, the superior court denied Mendoza's petition on two grounds. The court found that the "petition itself contains a recitation of facts that, if assumed to be true, disqualifies [Mendoza] from relief." The court further found that the record of conviction, including the jury instructions, "show [Mendoza] is ineligible because [the] jury was never instructed as to felony murder or natural and probable consequences."

On September 9, 2021, Mendoza filed an appeal from the order denying his section 1170.95 petition. We appointed counsel to represent Mendoza on appeal. After an examination of the record, counsel filed an opening brief which raised no issues and requested this court conduct an independent review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436. On February 24, 2022, we advised Mendoza that he had 30 days to submit by supplemental brief or letter any contentions or arguments he wished this court to consider. Mendoza did not submit a supplemental brief.

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) amended murder liability under the felony-murder rule and natural and probable consequences doctrine. (*People v. Lewis* (2021) 11 Cal.5th 952, 957; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) Senate Bill 1437 also added section 1170.95, which created a procedure whereby persons convicted of murder under a now-invalid felony murder or natural and probable consequences theory may petition the sentencing court to vacate the murder conviction and resentence the petitioner on any remaining counts. Senate Bill No. 775, which took effect on January 1, 2022, amended section 1170.95 to allow persons convicted of attempted murder or manslaughter under a felony murder or natural and probable consequences theory to seek the same relief under the statute. (Stats. 2021, ch. 551, § 1.)

A petitioner is eligible for relief under section 1170.95, subdivision (a) if he or she: (1) was charged with murder or attempted murder by means of a charging document that allowed the prosecution to proceed under the felony-murder rule, natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on his or her participation in a crime; (2) was convicted of murder, attempted murder, or manslaughter; and (3) could no longer be convicted of murder or attempted murder due to the changes to sections 188 and 189 effectuated by Senate Bill 1437.

If a petitioner makes a prima facie showing that he or she is entitled to relief, the superior court must issue an order to show cause (§ 1170.95, subd. (c)), and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to resentence the petitioner

4

(§ 1170.95, subd. (d)(1)).  In determining whether a petitioner has established a prima facie case, it is appropriate to examine the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless."  (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)

In this case, the superior court properly denied Mendoza's section 1170.95 petition because he failed to make a prima facie showing of entitlement to relief.  Based on the factual allegations in his petition and the jury instructions from his trial, Mendoza was not convicted of murder under the felony-murder rule, the natural and probable consequences doctrine, or other theory of imputed malice.  Rather, Mendoza was convicted of murder as the actual killer, and is therefore ineligible for relief under section 1170.95.  (See § 1170.95, subd. (a)(3) [petitioner is eligible for relief only if he or she "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective [by Senate Bill 1437]"]; *People v. Lewis*, *supra*, 11 Cal.5th at p. 959 ["Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer' "].)

We have examined the entire record, and are satisfied Mendoza's attorney has fully complied with the responsibilities of counsel and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


KALRA, J.*

We concur:


EDMON, P. J.


EGERTON, J.

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.